United States District Court
Southern District of Texas
**ENTERED**
February 28, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § § | CRIMINAL ACTION H-16-170-9 |
| HAZIM HISHAM QADUS *in custody* | § | |

### Order

Pending before this Court is Defendant's Motion to Revoke Detention Order and Set Conditions of Release (Dkt. 234) filed by Hazim Hisham Qadus ("Defendant"), and the Government's Response Opposing Defendant's Motion to Revoke Detention Order and Conditions of Release (Dkt. 239).

When considering a motion to revoke a detention order, 18 USC §3142 (g) enumerates the factors which shall be considered by this court in determining whether conditions could be set to reasonably assure a defendant's appearance as required. Specifically, §3142 (g) directs this court consider "(1) the nature and circumstances of the offense charged…; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, community ties, employment, financial resources, length of residence in the community, community ties, past conduct…..criminal history, and record concerning appearance at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

This court has conducted its own independent *de novo* review of the facts as adduced at the detention hearing held on May 24, 2016, and the pleadings of the parties and the exhibits attached thereto, and finds that with the exception of the representation that the Defendant's Palestinian wife,

child, and brother have entered the United States on visitor's visas, the Defendant's motion offers no new evidence that has either not already been heard, or was not known by the defendant at the time of the original detention hearing, or is cumulative of evidence presented below.

Furthermore, this court finds that the credible testimony adduced at the May 24, 2016 hearing and the additional information submitted by the parties through their proffered exhibits are sufficient for this court to render its decision without a second hearing.

After a *de novo* review of the evidence presented in this case, this court adopts Judge Stacy's findings of fact with the following additional factual finding:

The arrival of defendant Qadus' wife, minor child, and brother pursuant to visitors' visas in the United States from Palestine, where they normally reside, creates ties to the community of recent vintage and are not the sort of familial ties within the community from which it can be inferred that the temporary presence of his foreign national family members in this country would result in Qadus being so deeply committed and personally attached to the community that he could not be driven from it by the threat of a long prison sentence. Qadus' family ties are of recent vintage and increase, rather than diminish, the risk of flight.

Based upon these factual findings, this court concurs with Judge Stacy's ruling that the defendant has failed to rebut the presumption of flight. The evidence is sufficient by a preponderance that the Defendant poses a serious risk of flight, and there is no condition or combination of conditions which will reasonably assure the appearance of the Defendant as required under the Bail Reform Act, 18 U. S. C. §3142(f).

The court further concurs with Judge Stacy's ruling that the defendant has failed to rebut the presumption of danger to the community. There is clear and convincing evidence that the defendant

poses a danger to others and the community, and that there is no condition or combination of conditions that will reasonably assure the safety of others or the community as required under the Bail Reform Act, 18 U. S. C. §3142(f).

Defendant's Motion to Revoke Detention Order and Set Conditions of Release is **DENIED**.

The defendant is hereby ORDERED to remain in the custody of the Attorney General and his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of the attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas on February 28, 2017.

_____
Gray H. Miller
United States District Judge